**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-6309**

LEON CHEATHAM,

                Plaintiff – Appellant,

        v.

WILLIAM MUSE, Chairman Virginia Parole Board; HAROLD
CLARKE, Director, Virginia Department of Corrections,

                Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Claude M. Hilton, Senior
District Judge.   (1:13-cv-00320-CMH-TRJ)

Submitted:  June 19, 2015            Decided:  July 6, 2015

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Leon Cheatham, Appellant Pro Se. James Milburn Isaacs, Jr.,
OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia,
for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leon Cheatham appeals from the district court's order granting summary judgment to Defendants in Cheatham's 42 U.S.C. § 1983 (2012) action. Cheatham sued William Muse, Chairman of the Virginia Parole Board ("Board"), and Harold Clarke, Director of the Virginia Department of Corrections, alleging that he was denied parole consideration in violation of his due process and equal protection rights. The district court ruled that (1) Clarke played no personal role in the case; (2) Muse could not be liable for his supervisory actions; and (3) Muse was entitled to absolute quasi-judicial immunity. On appeal, Cheatham avers that (1) Muse was personally involved and not entitled to immunity, and (2) the district court erred by failing to consider the merits of his equal protection claim. Cheatham does not challenge the dismissal of the complaint against Clarke. Further, he does not challenge the application or interpretation of the Virginia statute under which he was found to be ineligible; instead, Cheatham claims only that "he was treated differently from his co-defendant."

Virginia's "three-strikes" statute provides that "[a]ny person convicted of three separate felony offenses . . . when such offenses were not part of a common act . . . shall not be eligible for a parole." Va. Code § 53.1-151(B)(1). Cheatham contends that both he and his co-defendant were convicted of the

2

same offenses; while he was found ineligible for parole, his co-defendant was found eligible, and Cheatham contends that these findings cannot be reconciled as the two cases were identical for these purposes.

Members of the Parole Board, who perform a quasi-judicial function, are immune from suits for damages. See Franklin v. Shields, 569 F.2d 784, 798 (4th Cir. 1977). However, in Wilkinson v. Dotson, 544 U.S. 74, 81-84 (2005), the Supreme Court held that a prison inmate may bring an action against parole officials seeking declaratory and injunctive relief challenging the procedures used in denying parole. Accordingly, while Cheatham's claims against Muse for damages were properly dismissed as barred by Muse's immunity, the district court erred in dismissing Cheatham's claims for declaratory and injunctive relief which sought rulings requiring his eligibility for parole review.

However, we find that Cheatham's equal protection claim against Muse, the only claim he pursues on appeal, is without merit. "To succeed on an equal protection claim, a [prisoner] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). Cheatham's claim is reviewed under a "relaxed

3

standard of scrutiny," as prisoners are not a suspect class and, moreover, Cheatham has not alleged any class that he is a member of that his co-defendant is not. See Moss v. Clark, 886 F.2d 686, 690 (4th Cir. 1989). We conclude that Cheatham has failed to allege how the Board's denial of parole consideration was the result of intentional or purposeful discrimination.

At most, Cheatham contends that Muse found him ineligible for parole based on some unexplained personal dislike or vendetta against him that Muse did not have against Cheatham's co-defendant.* Cheatham also points to Muse's changing stories on his co-defendant's parole details as proof that Muse is hiding something. While it appears that, in situations where the state action complained of is discretionary in nature, "treating like individual differently is an accepted consequence," Engquist v. Oregon Dep't of Agr., 553 U.S. 591 (2008), in this case, Cheatham argues that Va. Code § 53.1-151(B)(1) does not implicate discretion and that the same set of facts must result in the same conclusion.

As discussed above, Cheatham must provide allegations sufficient to show that Muse intentionally or purposefully discriminated against him. This is so because "[t]o prove that

---

* Muse contends that Cheatham's co-defendant's parole eligibility was a mistake.

4

a statute has been administered or enforced discriminatorily," and so violates equal protection rights, a plaintiff must show "more . . . than the fact that a benefit was denied to one person while conferred on another." Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 819 (4th Cir. 1995) (emphasis added). Instead, Cheatham must also specifically allege that Muse intended to discriminate against him. See Townes v. Jarvis, 577 F.3d 543, 552 (4th Cir. 2009).

Here, Cheatham alleges no facts that, if proved, would demonstrate that Muse intentionally discriminated against him. He never alleges any of the factors that "have been recognized as probative of whether a decisionmaking body was motivated by a discriminatory intent." Sylvia Dev. Corp., 48 F.3d at 819. For example, Cheatham does not allege a "consistent pattern" of arbitrary and inconsistent decisions by Muse, a "history of discrimination" by him, a "specific sequence of events" leading up to the Muse's ineligibility finding, or "contemporary statements" by Muse evidencing intentional discrimination. Id. In sum, Cheatham sets forth no facts--indeed no allegations-- supporting the contention that Muse intentionally discriminated against him. At most, his allegations and evidence show negligence, mistake, or a lack of care; however, there is absolutely no showing of intentional discrimination, much less a showing satisfactory to survive summary judgment.

Accordingly, we affirm the judgment of the district court granting summary judgment to Clarke and Muse. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED